**QI CAI LIN, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 05–3104–ag.

United States Court of Appeals, Second Circuit.

June 6, 2006.

Gang Zhou, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson and Jessie K. Liu, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Qi Cai Lin petitions for review of the BIA's May 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Elizabeth A. Lamb's order denying Chen's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Particular deference is given to the trier of fact's assessment of demeanor. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005); Zhou Yun Zhang, 386 F.3d at 74.

The IJ found Lin's credibility to be compromised by admitted falsehoods in Lin's original account of persecution. (Prior to the removal proceeding, Lin repudiated statements in his credible fear interview and first asylum application that his wife was forced to have an abortion in 1999.) The IJ then searched the record for corroborating evidence that could remedy Lin's credibility deficit, and found the needed corroboration wanting. The IJ was justified in seeking corroboration under these circumstances, see Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 164 (2d Cir.2006), and although she gave some questionable reasons for discounting the documents that Lin did produce, these flawed reasons did not fundamentally undermine the negative credibility finding, which was rooted in Lin's false statements. Given the substantial evidence in support of the IJ's conclusion, and the limited role any errors may have played in the IJ's judgment, we are confident that the same result would be reached in the absence of errors. Accordingly, remand is not required. See Xiao Ji Chen, 434 F.3d at 159; Cao He Lin v. U.S. Dep't of Justice, 428 F.3d 391, 395 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).